(December 17, 1900.)

## THORN v. ANDERSON, SHERIFF.

[63 Pac. 592.]

MARRIED WOMAN'S SEPARATE PROPERTY—INCREASE—EXEMPTION FROM EXECUTION AGAINST HUSBAND.—Under the provisions of section 4479 of the Revised Statutes, the increase of a married woman's separate property (in this case consisting of cattle) is exempt from execution against her husband.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Hawley & Puckett, for Appellants.

Our statute provides, section 2497 of the Revised Statutes, that the rents and profits of the separate property of the husband or wife is community property; unless, by the instrument by which any such property is acquired by the wife, it is provided that the rents and profits thereof be applied to her sole and separate use; in which case the management and disposal of such rents and profits belong to the wife, and they are not liable for the debts of the husband. The increase of animals inure to the benefit of the community. (*Bonner v. Gill,* 5 La. Ann. 629; *Du Crest v. Bijean,* 8 Mart., N. S. (La.), 192; *Frederic v. Frederic,* 10 Mart., O. S. (La.), 188.) The increase, during the marriage, of cattle which are the separate property of the wife are community property. (*Howard v. York,* 20 Tex. 670.) The increase, during the marriage, of cattle and horses which were before marriage the wife's separate property, belongs to the community. (*Bateman v. Bateman,* 25 Tex. 270; *Cartwright v. Cartwright,* 18 Tex. 628.) We further contend that if the five head of the original stock were the separate property of the respondent, it was intermixed and commingled with the increase which was community property, so that it lost its identity, and the community being the paramount estate drew the whole to it, and all the cattle levied on were community property, and subject to the debts of her husband. (2 Kent's

Commentaries, 363-365; *Yesler v. Hochstettler,* 4 Wis. 356, 65 Am. Dec. 314, and cases therein cited.)

W. L. Maginnis, for Respondents.

The gift to respondent in this case consisted of cattle, which are short-lived animals, and if the contention of appellant's counsel be true, that the increase of these animals is community property, and this without regard to the expense of producing of such increase, then the purpose and object of the donor is defeated by the mere agency of time. In the case of *Bogard v. Corey,* 82 Ill. 19, the court said: "It would be but a mockery that a married woman might own and control her property, but all the increase or produce should belong to the husband. To so hold would be to render her ownership useless and defeat the very purpose of the ownership of the property." The sprout savors of the root and goes the same way, and the increase of separate property is separate, whether the statutes say so or not. (Stewart on Husband and Wife, par. 227; Wells on Separate Property of Married Women, par. 100; *Harris v. Van De Vanter,* 17 Wash. 489, 50 Pac. 50; *George v. Ransom,* 15 Cal. 324, 76 Am. Dec. 490.) Appellant's counsel further contends that the cattle were intermixed with the alleged community property of the spouses, so that it lost its identity, and the community being the paramount estate, drew the whole of it to it; in answer to which we say that the testimony shows that neither the community nor the husband had any property of like character to mix or commingle with the cattle in controversy; yet, if there was such commingling it would not bar the respondent. (*Irwin v. Jones,* 24 Cal. 98; *Walsh v. Walsh,* 84 Cal. 101, 23 Pac. 1099, 70 Cal. 282, 11 Pac. 719.)

SULLIVAN, J.—This action was brought by the respondent against the appellants to recover the sum of $2,500, the alleged value of forty-eight head of cattle taken by the defendant Anderson, as sheriff, under a writ of attachment, and thereafter sold under execution issued out of the district court

of Cassia county against the property of A. S. Thorn, the husband of respondent. The answer put in issue the material allegations of the complaint. The cause was tried by the court with a jury, and a verdict was rendered in favor of the respondent for the sum of $832.50 damages, and judgment was duly entered in favor of respondent for that sum and costs of suit. A motion for a new trial was denied, and this appeal is from the judgment and an order denying the motion for a new trial.

It appears from the record before us that in the year 1888 George Rutherford, an uncle of respondent, made her a birthday present of ten cows and ten calves, which were taken to the ranch of her husband, A. S. Thorn, and branded with his brand and cared for by him, and the increase branded by him, and some of them disposed of by him up to the time of the levy of the execution aforesaid. It is conceded that all of the cattle levied upon and sold as aforesaid, except five head thereof, were the increase of said ten cows and calves. Counsel for appellants do not seriously contend that said original ten cows and ten calves were not the separate property of Mrs. Thorn, the respondent; but they contend that the increase of the separate property of the wife is community property, under the provisions of section 2497 of the Revised Statutes, and hence liable for or subject to the payment of the husband's debts. Said section is as follows: "All other property acquired after marriage by either husband or wife, including the rents and profits of the separate property of the husband or wife, is community property; unless by the instrument by which any such property is acquired by the wife it is provided that the rents and profits thereof be applied to her sole and separate use; in which case the management and disposal of such rents and profits belong to the wife and they are not liable for the debts of the husband." Counsel for appellants, as well as counsel for respondent, overlooked section 4479 of the Revised Statutes, which provides as follows: "All real and personal estate belonging to any married woman at the time of her marriage, or to which she subsequently be-

comes entitled in her own right, and all the rents, issues and profits thereof and all compensation due or owing for her personal services, is exempt from execution against her husband." Said sections 2497 and 4479, having been adopted as one act of the legislature, must be construed *in pari materia;* and by the provisions of said section 4479 the rents, issues, and profits of the separate property of the wife are exempted from execution against the husband. The judgment of the court below must be affirmed, and it is so ordered. Costs of this appeal are awarded to the respondent.

Huston, C. J., and Quarles, J., concur.